# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **M.N.**

**No. 15-0539** (Clay County 14-JA-29)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.N., by counsel Jerome R. Novobilski, appeals the Circuit Court of Clay County's March 9, 2015, order terminating her parental rights to fifteen-year-old M.N. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Michael W. Asbury Jr., filed a response also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) failing to take testimony from the child as to her wishes regarding the disposition of petitioner's parental rights; and (2) ruling that the child's best interests "extend" to a child beyond the age of maturity.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR filed an abuse and neglect petition against petitioner and her husband alleging that they failed to provide the child with a suitable home; abused controlled substances; and possessed marijuana, hydrocodone powder, and drug paraphernalia in the home. The DHHR further alleged that petitioner and her husband committed domestic violence against the child by pushing her against a wall and pulling her shirt and hair.

In June of 2014, the circuit court held an adjudicatory hearing. Based on the evidence presented of petitioner's substance abuse and domestic violence, the circuit court found that petitioner abused and neglected the child as alleged in the petition. Later that month, the circuit court held its first dispositional hearing. At that hearing, the circuit court granted petitioner's motion for a post-adjudicatory improvement period.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

In October of 2014, the circuit court held a hearing to review petitioner's improvement period. The DHHR presented evidence that, while on her improvement period, petitioner tested positive for controlled substances on multiple drug screens and failed to submit samples for other drug screens on several occasions. In addition to those concerns, further evidence revealed that petitioner failed to attend several visits with the child and failed to attend other parental-improvement services, such as parenting and adult life skills classes. At the conclusion of the hearing, the circuit court ordered petitioner to complete a six-month, inpatient substance abuse treatment program as an added condition to her improvement period.

In December of 2014, the circuit court held its final review hearing on petitioner's improvement period. The circuit court heard evidence that petitioner failed to complete an inpatient substance abuse treatment program and that she continued to miss scheduled appointments for parenting and adult life skills classes, psychotherapy sessions, and general therapy sessions. Due to her absences, petitioner's general therapy sessions were discontinued by the date of the hearing. Petitioner also continued to test positive for controlled substances. Based on the foregoing, the circuit court terminated petitioner's improvement period and scheduled the matter for disposition.

In February of 2015, the circuit court held its final dispositional hearing. The circuit court heard from petitioner, the DHHR worker, and the guardian that the child wished for petitioner's parental rights to not be terminated. Petitioner moved the circuit court to take testimony directly from the child as to her wishes, and the circuit court denied that motion. The guardian then argued that termination of petitioner's parental rights was necessary for the child's best interests, despite her wishes against termination. Given the evidence of petitioner's repeated failures to improve the conditions that led to the abuse and neglect and the child's best interests, the circuit court terminated her parental rights.[2] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[2]The circuit court granted petitioner post-termination visitation with the child at the child's discretion in the amount of two hours every two weeks. The circuit court noted that said post-termination visitation would continue under the conditions that petitioner remain drug and alcohol free and continue to exercise that visitation.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the circuit court's failure to take testimony from the child directly as to her wishes regarding petitioner's parental rights.[3] West Virginia Code § 49-6-5(a)(6)(c) provides, in relevant part, that "the court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." In this case, it is undisputed that the child was fourteen years of age at the time of the final dispositional hearing. While the circuit court did not take testimony from the child directly, the record is clear that the circuit court heard from petitioner, the DHHR worker, and the guardian as to the child's wishes that petitioner's parental rights not be terminated. Based upon our review of the record on appeal, we find no error in the circuit court's compliance with West Virginia Code § 49-6-5(a)(6)(c). While the circuit court must consider the child's wishes, which it clearly did, the statutory mandate does not bind the circuit court to any particular outcome based on the child's wishes.

---

[3]Although the Court will address petitioner's claims on the merits, we caution petitioner's counsel that we could have dismissed this appeal for failure to comply with our case law and the Rules of Appellate Procedure. Petitioner fails to cite any legal authority or portions of the record on appeal in support of her assertions. This Court has previously stated that "issues . . . mentioned only in passing but [ ] not supported with pertinent authority are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (citations omitted). Further, Rule 10(c)(7) of the Rules of Appellate Procedure expressly requires that petitioner's brief

> must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

We have often explained that it is petitioner's burden to show that error affirmatively occurred in the judgment of which he complains. Syl. Pt. 2, *W. Va. Dep't. of Health & Hum. Res. Emps. Fed. Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph 2 that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's Rules.

Petitioner's second assignment of error is that the child's best interests do not "extend" to children who have reached the age of maturity. After a thorough review of the parties' arguments, the record on appeal, and all pertinent legal authority, we find no support for such a claim. As noted above, the child at issue was fourteen years of age at the time of disposition in this matter. Pursuant to West Virginia Code § 49-1-2,"'child'" means any person under eighteen years of age." With respect to the children in abuse and neglect proceedings, we have long explained that "'[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013); *see also Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (stating that "[t]he best interests of the child is the polar star by which decisions must be made which affect children." (internal citations omitted)).

Here, the circuit court correctly considered the child's wishes, petitioner's rights, and the child's best interests in arriving at its decision to terminate petitioner's parental rights to the child. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are required to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." West Virginia Code § 49-6-5(b)(3) provides that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when a respondent parent fails to respond or follow through with a reasonable family case plan or other rehabilitative efforts. The circuit court heard substantial evidence of petitioner's continued failures to complete the goals of her improvement period, including her failed drug screens, her failure to complete inpatient treatment, and her failure to attend parenting classes and therapy sessions. As such, the evidence clearly supported the circuit court's findings that that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect or abuse in the near future and that termination was in the child's best interests. Petitioner failed to follow through with rehabilitative efforts, and the child has a continuing need for permanency and stability. Based on the substantial evidence presented in support of the circuit court's findings, we find no error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, the circuit court's March 9, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

4

**DISSENTING:**

Chief Justice Margaret L. Workman
Justice Menis E. Ketchum